IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ATLANTA COLLECTIONS, LLC, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION NO. |
| | : 1:07-CV-0706-JOF |
| WAEL AL KHATIB, also known as | : |
| Wally Khatib, et al., | : |
| | : |
| Defendants. | : |

## OPINION AND ORDER

This matter is before the court on Plaintiff, Atlanta Collections, L.L.C.'s, motion for default judgment against Wael Khatib, a/k/a Wally Khatib [11], and Plaintiff's motion for default judgment against U Call Communications, Inc. ("U Call") [8].

**I.   Background**

In March of 2003, Khatib executed and delivered three promissory notes ("the Notes") to Scott Schweber ("Schweber") as follows: (1) a March 7 note with principal amount of $150,000.00 with an interest rate of 18% per annum, (2) a March 30 note with a principal amount of $73, 187.00 with an interest rate of 12% per annum, and (3) a March 31 note with a principal amount of $86,000.00 with an interest rate of 12% per annum. (Compl. ¶¶ 8-10).  Khatib executed the Notes in consideration for seven advances from

Schweber in March 2003, totally $309,187. (*Id.* ¶ 11). Khatib defaulted on the Notes by failing to make timely payment. (*Id.* ¶¶ 12-13). On October 26, 2006 Khatib received a notice of default and a demand for payment; he did not pay. (*Id.* at ¶¶ 14-15). Khatib is now liable for an outstanding principal balance of at least $160,171.00 with interest beginning on February 22, 2007 at the rate of $78.99 per diem. (*Id.* ¶ 16).

On four separate occasions Khatib tendered and delivered batches of post-dated checks to Schweber to pay the outstanding balance due under the Notes. (*Id.* ¶ 18). The first batch of checks was delivered in February 2005 and the third in May 2006, and the maker on both batches was Defendant, U Call. (*Id.* ¶¶ 19-20, 23-24). All these checks were drawn on insufficient funds and were dishonored. (*Id.* ¶¶ 20, 22, 24, 26). Schweber notified U Call, pursuant to O.C.G.A. §§ 13-6-15, *et seq.*, of his claims with regard to the February checks. On January 31, 2007, Schweber assigned all right, title, and interest in the March 2003 notes to Plaintiff.

On March 27, 2007, Plaintiff filed a complaint against Khatib and U Call Communications, alleging that Khatib had defaulted on the Notes and that U Call had violated O.C.G.A. §§ 13-6-15, *et seq.* with regard to the batches of checks Khatib delivered to Schweber in February 2005 and May 2006. U Call was served on April 5, 2007 and Khatib was served on April 20, 2007. Both parties have failed to answer. On Plaintiff's motion, the clerk entered a default against U Call on May 1, 2007 and against Khatib on

2

AO 72A
(Rev.8/82)

May 11, 2007.  Plaintiff moved for a default judgment against U Call on May 5, 2007 and against Khatib on May 16, 2007.  These motions are uncontested.

**II.     Plaintiff's Motions for Default Judgment**

Defendants Khatib and U Call defaulted when they failed to respond to Plaintiff's complaint within twenty days as required by Fed. R. Civ. P. 12(a)(1)(a).  By their defaults, Khatib and U Call are deemed to have admitted Plaintiff's "well-pleaded allegations of fact."  *See Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1976).  Even though Khatib and U Call are in default, default judgments against them may not be warranted.  *Id.* at 1206.  The court may grant default judgment only on those claims brought by Plaintiff that are legally sufficient and supported by well-pleaded allegations.  *McCoy v. Johnson*, 176 F.R.D. 676, 679 (N.D. Ga. 1997) (Forrester, J.).  "[A] default is not treated as an absolute confession by the [defendants] of [their] liability and of the plaintiff's right to recover."  *Nishimatsu*, 515 F.2d at 1206.  A defendant is not deemed to have admitted conclusions of law or facts that are not well-pleaded.  *Id.*  Thus, the court must determine whether the well-pleaded allegations of Plaintiff in the complaint deemed admitted by Khatib and U Call are sufficient to establish both their liability and the amount of damages before it may grant Plaintiff's motions for default judgment.

3

### A.     U Call's violation of O.C.G.A. §§ 13-6-15, *et seq.*

Pursuant to O.C.G.A. § 13-6-15, any person who makes, draws, or delivers any check, which the drawee refuses to honor for insufficient funds, must pay the same amount in cash to the payee named in the instrument within ten days after a written demand or be liable to the payee for damages of double the amount owed, but in no case more than $500.00, and any court costs incurred by the payee in taking the action. The payee may also charge "the maker of the check, draft, or order a service charge not to exceed $30.00 or 5 percent of the face amount of the instrument, whichever is greater, plus the amount of any fees charged to the holder of the instrument by a bank or financial institution as a result of the instrument not being honored, when making written demand for payment."

In its well-pleaded complaint, Plaintiff alleged that Defendant U Call was the maker on two batches of checks delivered by Federal Express from Khatib to Schweber in February 2005 and May 2006, and that these checks were dishonored due to insufficient funds. Plaintiff further alleged that he gave notice to U Call pursuant to O.C.G.A. § 13-6-15 of his claims concerning the bad checks and that U Call has not paid. The court finds that the well-pled allegations of the complaint set forth all of the required elements to establish U Call's liability under O.C.G.A. § 13-6-15. Accordingly, the court finds that Plaintiff's claim for bad checks is legally sufficient and is supported by well-pleaded allegations. The court GRANTS Plaintiff's motion for default judgment against U Call [8].

4

AO 72A
(Rev.8/82)

### B. Khatib's Default on the Notes

A party claiming breach of contract has the burden of pleading and proving (1) the subject matter of the contract, (2) consideration, and (3) mutual asset by the parties to all of the contract terms. *See* O.C.G.A. § 13-3-1; *Broughton v. Johnson*, 247 Ga. App. 819, 819 (2001). Once such a contract is shown, a plaintiff must plead and prove (1) the breach, and (2) "the resultant damages to the party who has the right to complain about the contract being broken." *Budget Rent-A-Car of Atlanta, Inc. v. Webb*, 220 Ga. App. 278, 279 (1996) (quoting *Graham Bros. Constr. Co. v. C.W. Matthews Contracting Co.*, 159 Ga. App. 546, 550 (1981)). The court finds that the well-pled allegations of the complaint set forth all of the required elements to establish Khatib's liability for breach of contract with respect to the Notes. Accordingly, the court finds that Plaintiff's claim for breach of contract under the Notes is legally sufficient and is supported by well-pleaded allegations. The court GRANTS Plaintiff's motion for default judgment against Khatib [11].

### C. Damages

"[A] judgment by default may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *United Artist Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979); *see also* Fed. R. Civ. P. 55(b); *Patray v. Northwest Publ'g, Inc.*, 931 F. Supp. 865, 869 (S.D. Ga. 1996). Although, a party in default admits the well-pleaded allegations in the complaint, the moving party "cannot

5

satisfy the certainty amount simply by requesting a specific amount. He must also establish that the amount is reasonable under the circumstances." *Patray*, 931 F. Supp. at 869. Thus, in order to resolve the issue of damages, here, by motion, the court must determine that damages are liquidated or can be reduced to a sum certain.

Here, the complaint pleads damages in a sum certain with regard to Defendants Khatib and U Call. Plaintiff's complaint contains exhibits indicating that U Call was the maker of bad checks in the principal amounts of $185,000 in February 2005 and $160.000 in May 2006, for a total of $345,000. (Compl., Ex. E-F).

Khatib is liable under the Notes for the principal sum of $160,171.00. (*Id.* ¶ 16). The Notes state that Khatib will be responsible for interest at the rate of 18% per annum from the date of default. (*Id.*, Ex. A-D). The Notes also specify attorney's fees. (*Id.*). Under O.C.G.A. § 13-1-11(a)(3), obligations to pay attorney's fees on a promissory note are valid and enforceable if the terms of the note so provide and the maker of the note is notified in writing that it can pay the principal and interest accrued on the note without the additional attorney's fees if payment is made within ten days from receipt of notice.

Here, the Notes contain a provision that "if this Note be placed in the hands of an attorney for collection or the protection of the Collateral, Makers will pay all costs of collection incurred by the Holder, including a reasonable attorney's fee in the amount of fifteen percent of the outstanding balance." (Compl., Ex. A-D). The outstanding balance

6

is $160,171.00; it has accrued interest of $14,139.21 as of August 20, 2007. Fifteen percent of the balance outstanding as of August 20, 2007 is $26,146.53. Plaintiff adequately pled in its complaint that Khatib received notice pursuant to O.C.G.A. § 13-1-11. Further, Plaintiff gave Khatib such notice explicitly in its complaint, which it filed more than ten days ago. (Compl. ¶ 38).

### III.  Conclusion

The court GRANTS Plaintiff's motions for default judgment [8, 11].

The court DIRECTS U Call to pay Plaintiff the $345,000.00 face value of the checks; $9,659.36 in pre-judgment interest as of August 20, 2007; $500 in statutory damages; and court costs, pursuant to O.C.G.A. § 13-6-15(a).

The court further DIRECTS U Call to pay Plaintiff a service charge of $17,250.00, or five percent of the face value of the checks, pursuant to O.C.G.A. § 13-6-15(b).

The court DIRECTS Khatib to pay Plaintiff in the amounts of $160,171.00 in principal owed under the Notes; $14,139.21 in pre-judgment interest as of August 20, 2007; $26,146.53 in attorney's fees; and costs of court.

The court further DIRECTS Plaintiff to submit within ten (10) days from the filing date of this order a calculation of the interest accrued on all damages between August 20, 2007, and the date of this order.

7

All damages shall be paid with interest at the legal rate from date of this judgment until paid.

**IT IS SO ORDERED** this 18th day of September 2007.

                                            s/ J. Owen Forrester
                                            J. OWEN FORRESTER
                             SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)