IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ATLANTA COLLECTIONS, LLC, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:07-CV-0706-JOF |
| WAEL AL KHATIB, et al., : | |
| : | |
| Defendants. : | |

**OPINION AND ORDER**

This matter is before the court on Plaintiff Atlanta Collections' motion for default judgment [7], and Defendant Detroit Phone Card's (hereinafter "Detroit Phone") motion to open pre-judgment default [9].

**I.   Background**

The court summarized the facts of this matter in its order dated September 18, 2007 [20]. To briefly summarize, in March of 2003, Wael Khatib, a/k/a Wally Khatib, executed and delivered three promissory notes to Scott Schweber, who later assigned them to Atlanta Collections. Khatib defaulted on the Notes. On four occasions, Khatib tried to pay off the notes with batches of post-dated checks which were ultimately dishonored for insufficient funds. U Call Communications, Inc., was the maker on two batches of these checks, and Detroit Phone was the maker on the other two batches of checks. Plaintiff filed a complaint

on March 27, 2007, naming Khatib, U Call, and Detroit Phone [1]. All three Defendants were served, and all failed to respond within twenty days. On Plaintiff's motion, the clerk entered default against all three defendants [5, 6, 10]. Plaintiff moved for default judgment against each defendant [7, 8, 11]. Khatib and U Call did not respond, and the court granted default judgment against them for the reasons discussed in its September 18 order. Defendant Detroit Phone responded to Plaintiff's motion for default judgment and moved to open pre-judgment default on May 10, 2007 [9].

Plaintiff contends that the clerk should enter judgment in the amount of $167,000, in principal, costs of court, and post-judgment interest at the legal rate against Defendant Detroit Phone pursuant to Fed. R. Civ. P. 55(b)(1). Detroit Phone contends that the checks about which the Plaintiff complains were given to Khatib as part of a business negotiation with another company and had nothing to do with Plaintiff. Further, Detroit Phone insists that the checks were blank at the time they were given to Khatib and that to the extent the checks purport to have a signature, the signature was unauthorized and/or forged. Thus, Defendant Detroit Phone reasons that they owe Plaintiff no money. Detroit Phone is located in Michigan, and when they received Plaintiff's complaint they forwarded it to Michigan counsel, David Sims, who began looking for local counsel. In the meantime, Detroit Phone claims that Sims spoke to Plaintiff's counsel and that the two agreed that Defendant would assist Plaintiff in recovering the money that it was owed. Further, Detroit Phone submits

that Sims believed that Plaintiff was considering dismissing its claim against Detroit Phone in light of Detroit Phone's substantial defenses, and that at no time did Plaintiff's counsel indicate that Plaintiff would seek a default or a default judgment against Detroit Phone. In light of these circumstances, Detroit Phone contends that the court should set aside the default and that the court should not enter a default judgment.

## II.  Discussion

This matter presents two issues: (1) Whether Detroit Phone has shown "good cause" to set aside the entry of default, and (2) if the default stands, whether the Plaintiff well pleaded allegations support a default judgment.

Fed. R. Civ. P. 55(c) provides that "[f]or good cause shown the court may set aside an entry of default." "Good cause" is a mutable standard that varies from situation to situation and is not subject to a precise formula. *Compania Interamericana Export-Import v. Compania Dominicana de Aviacion*, 88 F. 3d 948, 951 (11th Cir. 1996). As the parties have noted, the court may consider "(1) whether the party has a meritorious defense, (2) how promptly the party acted to cure the default, (3) whether the default was willful, and (4) whether the non-defaulting party would be prejudiced." Def. M. to Open, at 4 (citing *Microsoft Corp. v. Computer Imaging Serv., Inc.*, Slip Op., 2007 WL 779076 (N.D. Ga. 2007); P. Resp. to M. to Open, at 5. These factors are not "talismanic," however, and courts have examined a number of others. *Compania*, 88 F.3d at 951. Whatever factors are

3

employed, the court's overriding concern is the strong public policy in favor of determining cases on their merits. *See Fla. Phy.'s Ins. v. Ehlers*, 8 F.3d 780 (11th Cir. 1993) (citing *Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc.,* 740 F.2d 1499, 1510 (11th Cir. 1984)).

Here, Detroit Phone has shown good cause. Detroit Phone filed its motion to reopen within eight days of the court's entry of default. Even Plaintiff admits that such a response time was prompt within the legal meaning of the cases interpreting Rule 55. P. Resp. to M. to Open, at 5. Plaintiff has already been awarded default judgments totaling more than $500,000 in this case against the other two Defendants, and these judgments cover a significant portion of Plaintiff's losses. Thus, Plaintiff will not suffer significant prejudice if this matter is allowed to proceed. Yet, Detroit Phone stands to lose hundreds of thousands of dollars if the court enters a default judgment.

Plaintiff focuses the bulk of its argument against opening default on the ground that Detroit Phone does not have a meritorious defense and claims that "a defendant seeking to open default must present *specific facts* demonstrating the existence of a meritorious defense." P. Resp. to M. to Open, at 9. Plaintiff has misconstrued the law of this Circuit. The "good cause" standard for setting aside a default "is less rigorous than the excusable neglect" standard for setting aside a default judgment. *Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988). To set aside a default judgment on excusable neglect, the defaulting party must first show that it had a meritorious defense that might have affected the outcome.

4

*Equal Employment Opportunity Comm'n v. Mike Smith GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990). In deciding whether to set aside a default, however, the presence of a meritorious defense is only one of many factors for the court to consider. The court is not unsympathetic to Plaintiff's arguments about the quality of Detroit Phone's defenses. However, the policy disfavoring default dictates that the court consider the persuasiveness of these arguments in a motion made on the merits rather than on a motion for default judgment.

## III.   Conclusion

Defendant Detroit Phone's motion to open pre-judgment default [9] is GRANTED. Since default is opened, the court need not address whether Plaintiff's well-pleaded allegations support a default judgment. Plaintiff's motion for default judgment [7] is DENIED.

**IT IS SO ORDERED** this 31st day of October 2007.

                                          s/ J. Owen Forrester
                                          J. OWEN FORRESTER
                        SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)